DANAHY, Acting Chief Judge.
In this appeal pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B) the state contends the trial court erred in suppressing cocaine found on the appellee’s person during a search to which, the state maintains, the appellee consented. We agree with the state and, accordingly, reverse.
At the suppression hearing the trial court heard evidence only from the arresting officer, Tampa police officer Buchanan, who testified to the following events. In the early evening of August 23,1994, Buchanan was in uniform patrolling in the Ybor City area driving a marked vehicle. He saw the appel-lee sitting on a bucket in an open field near an intersection. As Buchanan drove by, he noticed the appellee trying to conceal his right hand. Buchanan slowed down to take a closer look. The appellee continued to conceal his hand and started fidgeting. Buchanan parked his car and walked toward the appellee but said nothing. When Buchanan was two to three feet from the appellee, the appellee took off running but fell almost immediately because he had tried to run through some nearby bushes. Buchanan helped the appellee to his feet and asked for identification. The appellee truthfully gave his name. Buchanan then asked what the appellee was doing in the area and whether he had any weapons or narcotics on him. The appellee responded that he had no weapons or narcotics. Buchanan then asked if he could search him and the appellee responded affirmatively. Buchanan conducted a full search and found rock cocaine in one of the appellee’s pockets. During the search the appellee did not object to or ask Buchanan to stop the search. The rock cocaine Buchanan found was the object of the motion to suppress that the trial court granted.
Given these facts we conclude, first of all, that this meeting between the officer and the appellee was an encounter for which no founded suspicion was necessary. A police officer is free to approach a citizen and ask him a question. Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); Lightbourne v. State, 438 So.2d 380 (Fla.1983). This question may also be a request to search. Bostick.
We focus next on whether the ap-pellee’s consent to be searched was valid. The state had to show by a preponderance of the evidence that the consent was freely and voluntarily given; this is the standard of proof because the consent was obtained after legal police action. We have previously stated:
*999 The rule as stated in Gonzalez [v. State], 578 So.2d [729,] at 736 [(Fla. 3d DCA 1991) ], is that where the state seeks to rely upon a consent to search, the state has the burden to establish that the consent was freely and voluntarily given by a “preponderance of the evidence” except where the consent was obtained after illegal police action, in which event the state’s burden becomes the higher standard of “clear and convincing evidence.” Inasmuch as we have determined there was no illegal police action preceding appellee’s consent, the state’s burden was “preponderance of the evidence.” Since the only evidence on the issue was the state’s evidence of the voluntary nature of the consent, its burden was met.
State v. Boyd, 615 So.2d 786, 790 (Fla. 2d DCA 1993) (emphasis in original). According to all the facts adduced at the suppression hearing, Buchanan did nothing which could reasonably be construed to mean that he had the appellee in custody or in a Terry stop. The appellee was free to leave at any time. Accordingly, because the only evidence provided was of the voluntary nature of the consent during a police-citizen encounter, the state’s burden was met and the evidence should not have been suppressed.
We therefore reverse the order of suppression and remand for further proceedings.
SCHOONOVER and FULMER, JJ., concur.